**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

EDWARD BIENKOWSKI AND FELECIA HAWKINS, individually and on behalf of others similarly situated

Plaintiffs,

v.

CMG MEDIA CORPORATION (d/b/a COX MEDIA GROUP),

Defendant.

Case No. 1:22-CV-04462

# REPLY IN SUPPORT OF DEFENDANT CMG MEDIA CORPORATION'S MOTION TO COMPEL ARBITRATION

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................1
ARGUMENT ...........................................................................................3
I. PLAINTIFF AGREED TO THE 2016 AGREEMENT .................................3
A. Plaintiff Assented to the 2016 Terms ..................................................3
CONCLUSION ........................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arencibia v. AGA Serv. Co.*,
533 F. Supp. 3d 1180 (S.D. Fla. 2021) ............................................................6, 9

*AT&T Mobility LLC v. Concepcion*,
563 U.S. 333 (2011).........................................................................................3

*Babcock v. Neutron Holdings, Inc.*,
454 F. Supp. 3d 1222 (S.D. Fla. 2020) ..............................................................8

*Emmannuel v. Handy Techs., Inc.*,
442 F. Supp. 3d 385 (D. Mass. 2020) .................................................................9

*Fagerstrom v. Amazon.com, Inc.*,
141 F. Supp. 3d 1051 (S.D. Cal. 2015)...............................................................8

*Goldstein v. Fandango Media, LLC*,
2021 WL 6617447 (S.D. Fla. July 27, 2021) ........................................................7

*Gorny v. Wayfair Inc.*,
2019 WL 2409595 (N.D. Ill. June 7, 2019)..........................................................9

*Hennessey v. Kohl's Corp.*,
571 F. Supp. 3d 1060 (E.D. Mo. 2021) ........................................................ 6, 10

*Kravets v. Anthropologie, Inc.*,
2022 WL 1978712 (S.D. Fla. June 6, 2022).............................................1, 6, 7

*Lee v. Panera Bread Co.*,
2023 WL 2606611 (E.D. Mich. Mar. 6, 2023)..........................................6, 8, 9

*Meyer v. Uber Techs., Inc.*,
868 F.3d 66 (2d Cir. 2017) ...............................................................................8

*Nardo v. HomeAdvisor, Inc.*,
2022 WL 17547940 (D. Colo. July 27, 2022) ......................................................8

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

*Venisee v. Progress Residential, LLC*,
2022 WL 18780109 (N.D. Ga. Mar. 11, 2022), ....................5

*White v. Ring LLC*,
2023 WL 1097554 (C.D. Cal. Jan. 25, 2023) ....................4

**Statutes**

9 U.S.C. § 2 ....................3

Federal Arbitration Act .................... 3

## INTRODUCTION

In response to CMG's motion to compel arbitration, Plaintiff Bienkowski voluntarily dismissed his claims. (ECF No. 27). The remaining plaintiff, Felicia Hawkins, has failed to rebut that she received notice of and assented to the Arbitration Agreement contained in the 2016 Terms. Crucially, Hawkins admits she created a wsbtv.com account on August 23, 2022 by choosing to log in through Facebook. She does not dispute that a blue hyperlink to the 2016 Terms appeared directly beneath a "Continue" button on a single unobstructed screen. And while Hawkins quibbles about the precise shade of blue in which the word "Terms" appeared, she admits the hyperlinked Terms were preceded by an invitation to "Learn More." This is more than sufficient to establish notice and assent. *See Kravets v. Anthropologie, Inc.*, 2022 WL 1978712, at *5 (S.D. Fla. June 6, 2022).

Hawkins's failure to meaningfully address *Kravets* speaks volumes. The case involved a disclosure screen more cluttered than the simple screen on wsbtv.com and text the same color as the hyperlinked Terms, but the court still found the plaintiff was bound by the Terms' arbitration agreement. *Id.* at *4. The same result is compelled here, especially where the Complaint concedes that Hawkins or her counsel "accessed" the 2016 Terms on August 30, 2022.

Plaintiff's sole rejoinder is a carefully-worded declaration where Hawkins: (1) admits she created a wsbtv.com account by logging in through Facebook; (2) does not dispute that the login screen contained a link to the 2016 Terms; and yet (3) claims she was "not *shown* an arbitration agreement or class action waiver," "did not agree to an arbitration agreement or class action waiver," and was not "subsequently presented with an arbitration agreement or class action waiver." ECF No. 28-1 ("Hawkins Decl."), ⁋⁋ 2–4 (emphasis added). Hawkins's circumscribed and conclusory denial is insufficient to overcome the undisputed facts.

Finally, while the undisputed facts establish that the Arbitration Agreement should be enforced, should the Court have any hesitation about whether these facts are sufficient, CMG requests limited jurisdictional discovery. The timing and manner of Hawkins' wsbtv.com account creation—on August 23, 2022, when her counsel would have been actively recruiting plaintiffs and well aware of the Terms and their Arbitration Agreement—raises serious questions about the instructions counsel provided about how to sign up for an account in an effort to *avoid* arbitration.

In short, Plaintiff assented to arbitrate under the 2016 Terms, and the Court should compel arbitration.

## ARGUMENT

There is no dispute that the Arbitration Agreement is governed by the Federal Arbitration Act ("FAA"), which reflects the "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citations omitted). "Agreements to arbitrate [are] 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Concepcion*, 563 U.S. at 336 (quoting 9 U.S.C. § 2). The Opposition fails to respect these principles.

### I. PLAINTIFF AGREED TO THE 2016 ARBITRATION AGREEMENT

#### A. Plaintiff Assented to the 2016 Terms

The relevant facts are not in dispute. Plaintiff signed up for a wsbtv.com account through Facebook by clicking the "Continue" button that was directly above a disclosure containing a hyperlink to the 2016 Terms. The disclosure, which invited Hawkins to "Learn More," was in dark grey text against a white background; the hyperlinked Terms were in blue. Opp. at 11–12. The Opposition's sole contention is that Hawkins "was never informed that clicking the ["Continue"] button or proceeding further in the sign-up process would bind her to" the 2016 Terms. *Id.*

She contends this makes the agreement a browsewrap with insufficient notice. *Id*. at 15–16.

The Opposition mischaracterizes the agreement in an effort to circumvent it, but her argument lacks merit. The registration flow adequately provided inquiry notice of the Terms and their Arbitration Agreement, which is all that is required.

First, the Opposition incorrectly contends that cases about sign-in wraps are irrelevant. Opp. at 12-13. Sign-in wraps are merely "modified clickwrap" agreements that require a user to manifest assent to the terms and conditions presented because "the user is provided with an opportunity to review the terms of service in the form of a hyperlink immediately above or below a button that must be clicked to affirmatively acknowledge the terms, place an order, ***or*** register for an account." *White v. Ring LLC*, 2023 WL 1097554, at *4 (C.D. Cal. Jan. 25, 2023) (emphasis added) (citation omitted). That is precisely what happened here.

Second, Plaintiff's declaration contains only irrelevant statements and conclusory assertions that carry no weight. Hawkins merely states that when she subscribed, she was never "shown" an arbitration agreement. *See* Hawkins Decl.

¶ 3.[1] Whatever Plaintiff might mean by the vague wording in her declaration, there is no dispute that the hyperlink to the 2016 Terms appeared in the login through Facebook flow, and when clicked, the Terms contained a clear and unequivocal Arbitration Agreement. *See* Opp. at 11-12. Furthermore, Plaintiff's conclusion that she "did not agree" to arbitration or was not "shown" the Arbitration Agreement are merely "unequivocal denials" that, without more, are insufficient to avoid an arbitration agreement under Georgia law. *See, e.g.*, *Venisee v. Progress Residential, LLC*, 2022 WL 18780109, at *7 (N.D. Ga. Mar. 11, 2022), *R&R adopted*, 2022 WL 18780106 (N.D. Ga. Mar. 25, 2022) (compelling arbitration). Because Plaintiff's unequivocal denial is both demonstrably false and not entitled to any weight, the Court should disregard it.

And if, as Plaintiff argues, wsbtv.com's login through Facebook process is more like a browsewrap than a click-wrap, her argument that she was not explicitly informed that clicking "Continue" manifested her assent to the Terms is irrelevant because it conflates actual notice with inquiry notice. Browsewrap agreements are enforceable if the terms and conditions are "conspicuous enough to put a reasonably

---

[1] This assertion parallels the bare allegation contained in the Complaint. FAC ¶ 66.

prudent person on inquiry notice." *Arencibia v. AGA Serv. Co.*, 533 F. Supp. 3d 1180, 1189–90 (S.D. Fla. 2021) (citations omitted), *aff'd*, 2022 WL 1499693 (11th Cir. May 12, 2022) (finding inquiry notice and compelling arbitration); *Lee v. Panera Bread Co.*, 2023 WL 2606611, at *4 (E.D. Mich. Mar. 6, 2023), *R&R adopted*, 2023 WL 2603934 (E.D. Mich. Mar. 22, 2023) (enforcing browsewrap agreements when "the hyperlink to the terms and conditions is conspicuous enough to place the user on inquiry notice.") (citations omitted). For browsewrap agreements, courts find inquiry notice when "the website's overall design and content" is such that "the existence of the relevant terms are reasonably conspicuous to the user." *Hennessey v. Kohl's Corp.*, 571 F. Supp. 3d 1060, 1070 (E.D. Mo. 2021) (enforcing browsewrap agreement) (citation omitted).

The facts necessary for inquiry notice and assent are set forth in *Kravets*, 2022 WL 1978712, at *5, a decision Plaintiff barely addresses. There, the text of the disclosure and the hyperlinked Terms were in white text (with "Terms" bolded and underlined) against a contrasting green background. 2022 WL 1978712, at *4. Here, the text of the disclosure was in one color (dark grey) and the hyperlinked Terms were even more apparent than those in *Kravets* because they were set off in contrasting blue font with underlining if hovered over. Second Decl. of Sara Skinner

Cole, dated April 24, 2023, Ex. 1, ("Second Cole Decl.") ¶ 3; Ex. A. In *Kravets*, the Court found the plaintiff received sufficient notice of the hyperlinked Terms because they were preceded by the word "View." 2022 WL 1978712, at *5. Here, "Terms" were preceded by an even clearer invitation to "Learn More." As the *Kravets* court held, "such a placement is sufficient to provide inquiry notice." *Id.* at *4.

Nothing in the Opposition rebuts this analysis. First, Plaintiff's observations about the hyperlinked Terms' precise shade of blue are beside the point—the Terms were in a color that clearly set them apart from the white background. "Terms" were set apart from the rest of the disclosure's text due to their contrasting color, and "Terms" was underlined if hovered over. This is more than sufficient under *Kravets*. *Id.* at *4–6.

Second, Plaintiff cites a single inapposite case to suggest that hyperlinked terms must include a direct reference to the Arbitration Agreement. Opp. at 15 (citing *Goldstein v. Fandango Media, LLC*, 2021 WL 6617447, *3 (S.D. Fla. July 27, 2021)). But *Goldstein* makes clear that this is only one factor to be considered in the totality of facts for notice and assent. *See id.*, 2021 WL 6617447, at *4; *see also Kravets*, 2022 WL 1978712, at *6 (finding that the various facts providing notice outweigh the lack of reference to the Arbitration provision). Multiple courts have

enforced arbitration agreements based on inquiry notice where the hyperlink to the terms did not explicitly reference the arbitration agreement. *See Lee*, 2023 WL 2606611, at *2, 4 (finding inquiry notice where there was no direct reference to arbitration agreement under a browsewrap analysis); *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 79 (2d Cir. 2017) (compelling arbitration because there was "reasonably conspicuous notice of the Terms of Service" despite no direct reference to an arbitration agreement); *Fagerstrom v. Amazon.com, Inc.*, 141 F. Supp. 3d 1051, 1069 (S.D. Cal. 2015), *aff'd sub nom. Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862 (9th Cir. 2017) (same).

Third, Plaintiff is wrong that inquiry notice requires hyperlinked Terms to be underlined. Opp. at 15. In fact, the link here *was* underlined when hovered over, as is typical for hyperlinked text. Second Cole Decl. ¶ 3; Ex. A. But even if it were not, the only relevant question is whether the hyperlinked Terms were "reasonably conspicuous," and "[t]he mere lack of an underline does not materially change the Court's analysis." *Babcock v. Neutron Holdings, Inc.*, 454 F. Supp. 3d 1222, 1231 n.7, 1232–33 (S.D. Fla. 2020) (compelling arbitration); *see also*, *Nardo v. HomeAdvisor, Inc.*, 2022 WL 17547940, at *5 (D. Colo. July 27, 2022), *R&R adopted*, 2022 WL 17547938 (D. Colo. Aug. 11, 2022) (enforcing arbitration

agreement notwithstanding plaintiff's argument that "the hyperlink to HomeAdvisor's Terms of Service 'is on the same light gray font and is not underlined'") (citation omitted); *Emmannuel v. Handy Techs., Inc.*, 442 F. Supp. 3d 385, 393 (D. Mass. 2020), *aff'd sub nom. Emmannuel v. Handy Techs., Inc.*, 992 F.3d 1 (1st Cir. 2021) ("With respect to the Terms of Use, although the hyperlink was provided at the bottom of a page requesting other information and was not underlined, it was displayed in bright blue, a color commonly known to denote a hyperlink.").

Equally unpersuasive is Plaintiff's argument that the hyperlinked Terms must be above, as opposed to below, the "Continue" button. Opp. at 15–16. Courts repeatedly find that a disclosure "above or adjacent to the [start] button . . . is sufficient notice of the terms of the agreement." *Lee*, 2023 WL 2606611, at *4 (citations omitted). *See also Arencibia*, 533 F. Supp. 3d at 1190 (compelling arbitration where there was a disclosure about the significance of clicking "Yes" and hyperlinked terms appeared below the button); *Gorny v. Wayfair Inc.*, 2019 WL 2409595, at *1, *6 (N.D. Ill. June 7, 2019) (compelling arbitration when the notice "appeared immediately below the large purple 'Place Your Order' button").

Finally, Plaintiff misapprehends the relevance of additional hyperlinks to the

Terms on every page of wsbtv.com's site and suggests the Court should consider these in isolation from the disclosure she received during the sign-up process. Opp. 16. But the website's "overall design and content" is "critical," *Hennessey*, 571 F. Supp. 3d. at 1070, and Plaintiff claims she repeatedly visited wsbtv.com to "regularly watch[] videos." FAC ¶ 71. Taken together, the disclosures Plaintiff received are sufficient to put a reasonably prudent person on inquiry notice of the 2016 Terms, which contain an enforceable Arbitration Agreement.

## CONCLUSION

For the foregoing reasons and those in the opening brief, the Court should compel arbitration and stay this action until the conclusion of that process.

Dated: April 24, 2023

By: /s/ *Tiana Demas*
Tiana Demas

Tiana Demas (*pro hac vice)*
tdemas@cooley.com
COOLEY LLP
110 N. Wacker Drive
Suite 4200
Chicago, IL 60606-1511
Telephone: +1 312-881-6500
Facsimile: +1 312-881-6598

David E. Mills (*pro hac vice)*
dmills@cooley.com
Shane Rogers (*pro hac vice)*
srogers@cooley.com
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC 20004
Telephone: +1 202-776-2273
Facsimile: +1 202-842-7899

James A. Demetry
Demetry, DeCarlo & Coffman
3666 N. Peachtree Road, Suite 100
Chamblee, GA 30341
Telephone: +1 770-274-4383
jdemetry@demetrydecarlo.com
*Attorneys for Defendant*
*CMG Media Corporation*

## LR 5.1 CERTIFICATION

The undersigned hereby certifies that this memorandum has been prepared in Times New Roman, 14-point font, as approved by the Court and in accordance with LR 5.1.

By: /s/ *Tiana Demas*
Tiana Demas

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2023, I served a copy of the foregoing via the Court's electronic filing system upon the following:

Kurt G. Kastorf
**KASTORF LAW LLC**
1387 Iverson Street NE, Suite 100
Atlanta, GA 30307
T: (404) 900-0330
E: kurt@kastorflaw.com

Nicholas A. Coulson*
Lance Spitzig*
*Admitted *pro hac vice*
**LIDDLE SHEETS COULSON P.C.**
975 East Jefferson Avenue
Detroit, Michigan 48207-3101
T: (313) 392-0015
E: ncoulson@lsccounsel.com
E: lspitzig@lsccounsel.com

*Attorneys for Plaintiff and the Putative Class*

By: /s/ *Tiana Demas*
Tiana Demas